TIMOTHY BRIEN and another *v.* JOHN CLAY and others.

The court will not consider the constitutionality of the mechanics' lien law, on a summary motion to strike out part of the complaint (filed to foreclose the lien) as irrelevant.

That objection should be raised by demurrer or other more formal manner.

Although it be doubtful whether the act giving the lien embraces contracts made before its passage, still, allegations which raise that question are not irrelevant, when the claim itself would be destroyed by striking them out.

SPECIAL TERM, JUNE, 1852.

Before WOODRUFF, J. ; all the members of the court concurring.

MOTION to strike out part of a complaint served in an action or proceeding under the lien law of July 11, 1851, commenced against the owners as defendants, by their original contractors as claimants. The facts appear sufficiently in the opinion.

*Wm. McMurray* and *Henry Hilton*, for the contractors.

*F. J. Beck* and *Q. McAdam*, for the owners.

BY THE COURT. WOODRUFF, J.—The complaint herein is filed for the purpose of bringing to a close a lien claimed by the plaintiffs, under the act of 1851, passed ostensibly for the protection of mechanics, &c., in the city of New York.

The plaintiffs aver that the defendants are owners, and the plaintiffs contractors with them, for work done on certain buildings described.

The motion is to strike out all that part of the complaint which shows a compliance with the statute, by filing and serving a notice of claim, and notice to appear, &c., which would leave the complaint, in form, an ordinary complaint for the recovery of money due on a special contract for work, &c.

The defendants insist that the law of 1851 does not apply to work, &c., done under contracts made before the law was passed, and, therefore, that all that part of the complaint which refers to the statute, is wholly irrelevant.

And in arguing that the statute does not apply to work done under previous contracts, he urges strenuously that, if it has any such retrospective operation, it is unconstitutional and void.

The proper construction of the lien law was discussed at the general term in *Doughty* v. *Devlin*, (a) and the opinion in that case disposes of many of the grounds upon which the unconstitutionality of the law is urged, if it be deemed retrospective in its operation to the extent claimed in this case.

But on this branch of the subject, it must suffice to say, that

(a) *Ante*, p. 625.

the constitutionality of a law of the state ought not to be called in question summarily on a motion to strike out part of a complaint as irrelevant.

If the matter is of such a character as *tends* to an *issue* of *law* upon that question, it is *not irrelevant*, and if the defendants wish to raise that objection, they must do so by demurrer, or other more grave and deliberate manner.

Indeed, it is true of the whole matter involved in this motion, that, so far from being irrelevant, it seems to embrace the plaintiffs' whole case.

Their proceeding is for the foreclosure of a lien, and the motion is to strike out *everything* which tends to show that they have a lien; surely this is asking us to strike from "Hamlet" the *part* of Hamlet.

It may be a grave question, whether the law has any application to work done under contracts made prior to its passage; and if it has, the defendants must raise the question in some other manner.

The facts out of which that issue may arise are not irrelevant, when to strike them out is to destroy the claim itself.

The motion must be denied.